**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 21-2221**

────────────

ANNE MEREDITH SUGAR,

        Plaintiff - Appellant,

    v.

EMORY & HENRY COLLEGE,

        Defendant - Appellee.

────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Pamela Meade Sargent, Magistrate Judge.  (1:20−cv−00005−PMS)

────────────

Submitted:  October 5, 2022                          Decided:  October 11, 2023

────────────

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

────────────

Affirmed by unpublished per curiam opinion.

────────────

**ON BRIEF:** Thomas E. Strelka, N. Winston West, IV, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Mary Elizabeth Davis, Patrick D. Houston, WHITEFORD, TAYLOR & PRESTON, L.L.P., Richmond, Virginia, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court entered summary judgment in favor of the defendant on various state law and federal claims brought by Anne Meredith Sugar alleging employment discrimination and breach of contract. On appeal, Sugar contends that the district court erred in granting the defendant's motion for summary judgment since she had established *prima facie* cases of discrimination. She further claims that, to the extent that Emory & Henry College might put forth a non-discriminatory reason justifying her termination, she has sufficiently shown that that was pretext. Finding no error, we affirm.

We find no error in the district court's decision that Sugar had not presented any evidence showing that she was performing to her employer's legitimate expectations. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). We further find that none of the evidence proffered by Sugar is at all relevant to whether Emory & Henry's decision to fire her for her disruptive behavior was pretextual. We also find that the district court did not err in rejecting Sugar's disparate impact and disparate treatment claims. *See Lewis v. City of Chicago*, 560 U.S. 205, 212 (2010); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 265 (4th Cir. 2005). As such, it did not err in granting summary judgment on her breach-of-contract claims. *Cf. Lockhart v. Commonwealth Educ. Sys. Corp.*, 439 S.E.2d 328, 332 (Va. 1994).

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*